IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| ANGIE L. CLAY | * | |
|     Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | |
| DAYS INN WEST/PYRAMID & TIM ALBRIGHT | * | NO: 3:05CV00265 SWW |
| | * | |
|     Defendants | * | |
| | * | |

## ORDER

Plaintiff Angie Clay ("Clay") brings this employment discrimination case pursuant to Title VII, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the Family and Medical Leave Act ("FMLA") against her former employer, Days Inn West/Pyramid ("Days Inn") and her former supervisor, Tim Albright ("Albright"). Before the Court is Defendants' motion for summary judgment (docket entries #17, #18, #19). The time for responding has passed, and Clay has not filed a response. After careful consideration, and for the reasons that follow, summary judgment will be entered in Defendants' favor and this action will be dismissed with prejudice.

**I.**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must

demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).

## II.

The following facts are undisputed.[1]  Clay, who is black, began working for Days Inn on January 31, 2002, part time, as a front desk clerk.  Between March 1, 2003 and July 30, 2004, Clay was tardy for work at least eighty-eight times and was absent without notice on at least seven occasions.  Defs.' St. of Mat. Facts, ¶¶ 1-10.  On April 11, 2003, Days Inn suspended Clay for three days for failure to complete work assignments, and it counseled her numerous times for failure to perform her duties satisfactorily.  Albright Aff., ¶¶ 8, 18.

On June 1, 2004, Days Inn denied Clay a promotion to the position of front desk manager for the stated reason that she was constantly late for work, she had excessive unexcused absences, and her performance was unsatisfactory.  *Id*., ¶ 19.  On July 30, 2004, Days Inn terminated Clay's employment.  *Id*., ¶ 21.

---

[1] Local Rule 56.1 provides that a party moving for summary judgment must submit a statement of the material facts as to which it contends there is no genuine issue to be tried, and the non-moving party must file a responsive statement of the material facts as to which it contends a genuine issue exists to be tried.  "All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . . " Local Rule 56.1(c).

On November 15, 2005, Clay commenced this lawsuit, claiming that Days Inn terminated her employment and failed to promote her because of her race, in violation of Title VII and 42 U.S.C. § 1981, and in retaliation for her taking leave granted under the FMLA.

## III.

Race Discrimination

Because Clay presents no evidence that clearly points to the presence of an illegal motive for Days Inn's decisions to reject her bid for promotion and terminate her employment, "she must avoid summary judgment by creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient evidence of pretext." *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004); see also *Lockridge v. Board of Trustees of University of Arkansas*, 315 F.3d 1005, 1013 (8th Cir. 2003)(stating that the *McDonnell Douglas* burden-shifting analysis applies to claims brought under 41 U.S.C. § 1981).

Under the three-stage order of proof set forth in *McDonnell Douglas*, Clay must first establish a prima facie case of discrimination by showing (1) membership in a protected group, (2) that she met the legitimate expectations of her employer, (3) that she suffered adverse employment action, and (4) facts that permit an inference of discrimination.  *Id*.  If Clay establishes a prima facie case, Days Inn must articulate a legitimate, nondiscriminatory reason for its adverse decisions. *Rothmeier v. Investment Advisers, Inc*., 85 F.3d 1328, 1332 (8th Cir. 1996).  Finally, the burden shifts back to Clay to show that the proffered reasons are pretextual and that her race was the real reason for her non-promotion and termination.

Days Inn asserts that Clay cannot establish a prima facie case of discrimination because she cannot show that she was meeting Days Inn's reasonable expectations or that her

termination and non-promotion occurred under circumstances giving rise to an inference of discrimination. Days Inn further asserts that it rejected Clay's application for promotion and terminated her employment for legitimate nondiscriminatory reasons--unsatisfactory work performance and excessive absenteeism and tardiness.

The Court agrees that Clay has failed to present any evidence that would support an inference of race discrimination with respect to her termination. And although Clay alleges that Days Inn rejected her application for promotion in favor of a white female, she provides no evidence indicating that she was similarly situated to the successful applicant. In any event, even if Clay could establish a prima facie case of discrimination, she has failed to rebut Days Inn's legitimate, nondiscriminatory reasons for its adverse employment decisions. The Court finds no genuine issues for trial with respect to Clay's race discrimination claims.

### FMLA

The FMLA entitles an eligible employee, as defined under the Act, to take up to 12 weeks of leave in a 12 month period because of a serious health condition that makes the employee unable to perform the functions of his or her position, or in order to care for a family member with a serious health condition. *See* 29 U.S.C. § 2612(a)(1).

Generally, when an employee returns to work after taking FMLA leave, she is entitled to be restored to the position she occupied before she took leave, *see* 29 U.S.C. § 2612(a)(1), and employers are prohibited from retaliating against employees for asserting rights under the Act. 29 U.S.C. § 2615(a)(2). "To establish a prima facie case of FMLA retaliation, an employee must show that she engaged in activity protected under the Act, that she suffered an adverse employment action by the employer, and that a causal connection existed between the

employee's action and the adverse employment action." *Darby v. Bratch*, 287 F.3d 673, 679 (8th Cir. 2002) (citation omitted).

Defendants assert that Clay has presented no facts to demonstrate that she exercised rights under the FMLA, or that her frequent occurrences of reporting late to work were due to a serious health condition. Additionally, Defendants have presented evidence that seven of Clay's absences from work were for minor illnesses, not covered by the FMLA. *See* Albright Aff., ¶ 20. Defendants further assert that Clay has failed to demonstrate a causal connection between her alleged exercise of rights under the FMLA and adverse employment action.

Clay alleges in the complaint that she was absent from work "due to her own health needs and to care for her minor child because of a serious medical condition." Docket entry #1, ¶ 30. However, she provides no other information regarding her alleged use of FMLA leave. The Court agrees that Clay has failed to present any evidence showing that she exercised rights under the FMLA. Nor has Clay presented any evidence showing a causal link between activity protected under the FMLA and Days Inn's decisions to reject her bid for promotion and terminate her employment. Accordingly, no issues for trial exist with regard to Clay's FMLA claims.

**IV.**

There being no genuine issues for trial in this case, Defendants' motion for summary judgment (docket entry #17) is GRANTED. Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 7TH DAY OF MAY, 2007.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE